Argued March 29, dismissed April 11, 1956

IN THE MATTER OF SHARON GIFT, ALLEGED MINOR CHILD
GIFT *v.* COUNTY COURT OF WASHINGTON
COUNTY

295 P. 2d 865

*Samuel M. Suwol,* Portland, argued the cause and filed a brief for appellant.

*James K. Gardner,* District Attorney for Washington County, argued the cause and filed a brief for respondent.

Before LUSK, Justice, presiding, and TOOZE and BRAND, Justices.

PER CURIAM.

On 14 June 1943 the petitioner Richard H. Gift was awarded a decree of divorce from his wife, and

received custody of his daughter Sharon, then declared by the court to be three years of age. On 10 February 1944 there was filed in the Juvenile Department of the county court for Washington County a petition for an order declaring that Sharon, alleged to be of the age of four years, was a dependent child. On 17 February 1944 an order was entered declaring her to be a dependent child. On 1 March 1954 the petitioner filed in the county court for Washington County a motion which, in effect, prayed for an order declaring that Sharon is not a dependent child, dismissing the dependency proceedings, and awarding to him the custody of Sharon. On 17 March 1954 the petition for custody was denied, and thereafter the petitioner appealed to the circuit court for Washington County. On 22 June 1954 the circuit court affirmed the order of the county court. The petitioner appeals to this court. The statute provides that:

"'Dependent child' means a needy child under the age of 16 years * * * whose relatives are not able to provide adequate care and support for such child * * *." ORS 419.052.

Child dependency is defined as follows:

"Persons of either sex under the age of 18 years, who for any reason are destitute, homeless or abandoned * * *." ORS 419.102.

The District Attorney properly concedes that Sharon does not come within the provisions of ORS 419.102. The question presented is whether she was at the time of the hearing in the circuit court a dependent child within the meaning of ORS 419.052. The petitioner asserts that she was not at that time a dependent child. We find it unnecessary to review the evidence upon that issue. Regardless of her status at the time of the earlier hearings, if she is now of

the age of 16 years she cannot now be a dependent child, as defined in ORS 419.052. The verified petition which was filed on 10 February 1944 stated that Sharon was at that time four years of age. If that be true, then she was 16 years of age before the case was heard in this court. The order of the county court declaring Sharon to be a dependent child was based upon the petition of 10 February 1944, but the order makes no specific finding as to her age at that time. We have now been informed by counsel that Sharon was born on 3 November 1939. She had therefore reached the age of 16 years before the case was heard in this court. We find it unnecessary to consider the evidence relative to the dependency of the child at the time the case was heard in the circuit court. As of the time the case was heard in this court she was not a dependent child under the definition contained in ORS 419.052.

The case has become moot and the proceedings are dismissed.